FILED - USDC -NH
2026 MAR 16 ÷ 11:49

**VERIFIED COMPLAINT AND AFFIDAVIT**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

**Robert Bevill,**
Plaintiff,

v.

**WinRed, Inc.,** a Virginia corporation with its principal place of business in Arlington, VA;

**National Republican Senatorial Committee,** a political committee headquartered in

Washington, DC;

**New Hampshire Republican State Committee,** a New Hampshire political committee

headquartered in Concord, NH;

Defendants.

Civil Action No. _____

**COMPLAINT**

Plaintiff Robert T. Bevill, *pro se*, brings this action for violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, and related New Hampshire statutory and

common-law claims, and alleges as follows:

**I. Jurisdiction and Venue**

1. This action arises under the **Telephone Consumer Protection Act,** 47 U.S.C. § 227. The

   Court has **federal-question jurisdiction** under 28 U.S.C. § 1331.

2. Venue is proper in the District of New Hampshire under 28 U.S.C. § 1391(b) because:

   o  Plaintiff resides in Merrimack, New Hampshire.

- o The unlawful text messages were sent to Plaintiff's New Hampshire cellular telephone.

- o A substantial part of the events giving rise to the claims occurred in this District.

3. The Court has personal jurisdiction over all Defendants because each directed communications, solicitations, and fundraising activity into New Hampshire, purposefully availing themselves of the privilege of conducting activity within the state.

## II. Parties

4. Plaintiff **Robert T. Bevill** is a resident of Merrimack, Hillsborough County, New Hampshire, and is the subscriber and customary user of the cellular telephone number at issue.

5. Defendant **WinRed, Inc.** is a Virginia corporation headquartered in Arlington, Virginia, operating a political fundraising platform used by federal and state political committees.

6. Defendant **National Republican Senatorial Committee (NRSC)** is a political committee headquartered in Washington, DC, engaged in national fundraising and political communications.

7. Defendant **New Hampshire Republican State Committee (NHGOP)** is a New Hampshire political committee headquartered in Concord, New Hampshire.

## III. Factual Allegations

8. Plaintiff has never provided prior express consent—written or otherwise—to any Defendant to send text messages to his cellular telephone.

9. Beginning in or around 2025 and continuing into 2026, Plaintiff received multiple unsolicited political fundraising and campaign-related text messages sent using automated systems.

10. These messages included solicitations for donations, political messaging, and campaign communications attributable to the NRSC, NHGOP, and fundraising vendors including WinRed.

11. Plaintiff sent multiple **STOP** requests in response to these messages, which were ignored.

12. On January 31, 2026, Plaintiff sent a **certified cease-and-desist letter** to the NHGOP, which was received on February 4, 2026. Despite receipt, the messages continued. On the same day, Plaintiff send a **certified cease-and-desist letter** to WinRed, which was **received on February 19, 2026**.

13. Plaintiff reasonably believes that the NHGOP transferred, sold, or disseminated his cellular number to WinRed, the NRSC, and other Republican-associated political campaigns without authorization.

14. The messages caused annoyance, invasion of privacy, and disruption of Plaintiff's daily life.

15. As of March 9, 2026, WinRed continues to send Plaintiff unsolicited texts messages, the most recent for the NRSC.

16. Plaintiff has sent **certified pre-litigation notices** to each of the Defendants as of March 1, 2026, which was **received by the parties on March 7, 2026.**

17. Plaintiff has presently identified at least 28 unsolicited text messages, including 16 sent after purported revocation of consent. This count reflects only those messages currently accessible on Plaintiff's device.

18. Plaintiff is in the process of obtaining a full extraction of historical SMS/MMS data from device backups and carrier records. Plaintiff reserves the right to amend this Complaint to include additional violations revealed through forensic extraction, cloud-backup retrieval, or discovery, subject to the federal "catch-all" limitations period in 28 U.S.C. § 1658(a).

19. Because the TCPA imposes statutory damages on a per-violation basis, any additional unsolicited text messages identified through extraction or discovery will constitute independent violations subject to statutory damages under 47 U.S.C. § 227(b)(3).

## IV. Causes of Action

### Count I – Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(b))

20. Plaintiff incorporates the preceding paragraphs.

21. Defendants used an automatic telephone dialing system or substantially similar automated technology to send text messages to Plaintiff's cellular telephone.

22. Plaintiff did not provide prior express consent.

23. Each message constitutes a violation of § 227(b)(1)(A)(iii).

24. A detailed log of all 28 unsolicited text messages is attached as **Exhibit A** and incorporated herein by reference.

25. Plaintiff is entitled to statutory damages of $500 for each violation of 47 U.S.C. § 227(b), and up to $1,500 for each willful or knowing violation. Each unsolicited text message sent to Plaintiff's cellular telephone constitutes a separate violation. Defendant continued sending messages after Plaintiff revoked any possible conceived consent and after being placed on the national Do-Not-Call Registry twelve years prior, rendering the violations willful.

26. Plaintiff is seeking statutory damages of $500 per each of the twenty-eight (28) violations for a separate and independent aggregate sum certain of **$14,000**. Plaintiff is seeking treble damages of $1,500 per each of the twenty-eight (28) violations for a separate and independent aggregate sum certain of **$42,000**.

**Count II – Violation of the TCPA National Do-Not-Call Provisions (47 U.S.C. § 227(c))**

27. Plaintiff incorporates the preceding paragraphs.

28. Plaintiff's number has been registered on the National Do-Not-Call Registry for more than 31 days. Plaintiff successfully registered his phone number ending in 1770 on January 18, 2014 – **twelve years ago**. A copy of an email from the National Do-Not-Call Registry, dated February 27, 2026, confirming the date of registration is attached hereto as **Exhibit C**.

29. Defendants initiated multiple telephone solicitations without maintaining internal do-not-call procedures.

30. Plaintiff is entitled to statutory damages of $500 for each violation of 47 U.S.C. § 227(c), and up to $1,500 for each willful or knowing violation. Defendant placed multiple telephone solicitations to Plaintiff's number despite its registration on the National Do-Not-Call Registry and despite Plaintiff's explicit revocation of consent. These violations are separate and independent from the violations of § 227(b).

31. Plaintiff is seeking statutory damages of $500 per each of the twenty-eight (28) violations for a separate and independent aggregate sum certain of **$14,000**. Plaintiff is seeking treble damages of $1,500 per each of the twenty-eight (28) violations for a separate and independent aggregate sum certain of **$42,000**.

**Count III – New Hampshire Consumer Protection Act (RSA 358-A)**

32. Defendants' conduct constitutes unfair or deceptive acts or practices.

33. Defendant's conduct constitutes unfair and deceptive acts and practices in violation of RSA 358-A. Each unsolicited text message, each failure to honor revocation, and each deceptive solicitation constitutes a separate violation. Plaintiff is entitled to statutory damages of not less than $1,000 per violation, for a total of **$28,000**, and treble damages for willful or knowing violations, and reasonable attorney's fees and costs as mandated by RSA 358-A:10.

34. Plaintiff is seeking treble damages of $3,000 per each of the twenty-eight (28) violations for a separate and independent aggregate sum certain of **$84,000**.

**Count IV – New Hampshire Do-Not-Call Statute (RSA 359-E)**

35. Defendants initiated unsolicited communications in violation of New Hampshire law.

36. Defendant's conduct also violates RSA 359-E, New Hampshire's Do-Not-Call statute, which prohibits unsolicited telemarketing and political solicitation to numbers listed on the state or national Do-Not-Call Registry. Each unlawful text message constitutes a separate violation, for a total of **$28,000**. Plaintiff is entitled to statutory damages and civil penalties as provided by RSA 359-E:7 and related enforcement provisions.

37. Plaintiff is seeking treble damages of $3,000 per each of the twenty-eight (28) violations for a separate and independent aggregate sum certain of **$84,000**.

| Federal or State Statute | Number of Unsolicited Text Messages | Statutory damages per violation | Treble damages for willful or knowing violations | Aggregate damages per statute |
|---|---|---|---|---|
| | | | | |

| 47 U.S.C. § 227(b) | 28 | $500 | $1,500 | $56,000 |
| 47 U.S.C. § 227(c) | 28 | $500 | $1,500 | $56,000 |
| RSA 358-A:10 | 28 | $1,000 | $3,000 | $112,000 |
| RSA 359-E:7 | 28 | $1,000 | $3,000 | $112,000 |
|  |  |  |  | **$336,000** |

## V. Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

A. **Trial by jury on all issues so triable.**

B. **Statutory damages under 47 U.S.C. § 227(b)** in the amount of $500 for each violation, for a total of **$14,000**, *and* up to $1,500 for each knowing or willful violation, for every unsolicited text message sent to Plaintiff's cellular telephone without prior express consent, for a separate and independent aggregate sum certain of **$42,000.**

C. **Statutory damages under 47 U.S.C. § 227(c)** in the amount of $500 for each violation, for a total of **$14,000**, *and* up to $1,500 for each knowing or willful violation, for every telephone solicitation initiated to Plaintiff's number listed on the National Do-Not-Call Registry, for a separate and independent aggregate sum certain of **$42,000**.

D. **Statutory damages and civil penalties under RSA 359-E**, New Hampshire's Do-Not-Call statute, for each unsolicited telemarketing or political solicitation directed to Plaintiff in violation of state law, n the amount of not less than $1,000 per violation, for a total of **$28,000**, together with **mandatory treble damages** for willful or knowing violations, for a separate and independent aggregate sum certain of **$84,000**

VERIFIED COMPLAINT - 7

E.  **Statutory damages under RSA 358-A**, the New Hampshire Consumer Protection Act, in the amount of not less than $1,000 per violation, for a total of **$28,000**, together with **mandatory treble damages** for willful or knowing violations, for a separate and independent aggregate sum certain of **$84,000**, and **mandatory attorney's fees and costs** pursuant to RSA 358-A:10.

F.  **Cumulative recovery** under each statute identified above, as each statutory scheme creates an independent cause of action with independent remedies, and no statute prohibits cumulative damages, for approximately aggregate across all independent remedies of no less than **$336,000**.

G.  **Injunctive relief** prohibiting Defendants, their agents, contractors, vendors, and all persons acting in concert with them from:

- o  Sending unsolicited text messages or telephone solicitations to Plaintiff;

- o  Initiating any further communications to Plaintiff's telephone number;

- o  Selling, transferring, or otherwise disseminating Plaintiff's personal telephone number;

- o  Violating the TCPA, its implementing regulations, RSA 359-E, or RSA 358-A.

H.  **Pre-judgment and post-judgment interest** as permitted by law.

I.  **Such other and further relief** as the Court deems just and proper.

Respectfully submitted,

ROBERT T. BEVILL, *pro se*
12 Blair Road
Merrimack, New Hampshire 03054
(603) 913-1770
bob@bevill.com

VERIFIED COMPLAINT - 8